UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE SHOVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:21-cv-01563 (UNA) |
| UNITED STATES DISTRICT COURT | ) |
| CENTRAL DISTRICT | ) |
| OF CALIFORNIA, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**MEMORNADUM OPINION & ORDER**

On June 29, 2021, plaintiff, an inmate designated to San Quentin State Prison, filed a *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). He failed, however, to file a certified copy of his trust fund account statement as required by 28 U.S.C. § 1915(a)(2).

On June 17, 2021, the court issued an order directing plaintiff to provide this information within 30 days or suffer dismissal of this matter without prejudice. *See* ECF No. 3. On July 13, 2021, plaintiff filed, among other documents, a financial information print-out, *see* ECF No. 4 at 1, however, the document was not certified. Additionally, it failed to demonstrate the dates or a date-range for the noted financial transactions. *See id*.

Plaintiff has also filed a partial trust accounting ("PTA"), ECF No. 7-2, as part of a motion for permissive joinder ("MPJ"), ECF No. 7. While that accounting did, in fact, provide a date range, the date range only extended from May 2021 through July 2021, and therefore, did not provide the required six-months of information. *See generally* PTA. It was also uncertified. *See id*.

1

Because plaintiff had yet again failed to submit his financial information in accordance with U.S.C. § 1915(a)(2), or to otherwise comply with the court's orders, on August 19, 2021, the court denied plaintiff's IFP application, denied plaintiff's influx of extraneous motions, and dismissed the case without prejudice. *See* Order, ECF No. 10. Plaintiff noted an appeal, ECF No. 12, of these determinations on September 10, 2021.

Currently before the court is plaintiff's motion for reconsideration ("Mot."), ECF No. 14, on October 4, 2021. He seeks a "rehearing based on new evidence," and seeks to overturn the dismissal and reinstate this matter. *See id*. at 1, 7–8. The motion is not a model in clarity. He vaguely discusses litigation purportedly filed in this court and, seemingly, federal courts in California, and then goes on to restate some of the allegations from the complaint and his prematurely submitted motions for summary judgment, namely, his intent to report alleged criminal acts committed by the state of California and its state and federal judiciary, and his discontent with the government and prison staff for their handling of his CARES Act stimulus funds. *See id*. at 1–5. He generally cites —with little to no context— various criminal statutes, the tenets of habeas corpus, constitutional amendments, and myriad rules of court. *See id*. at 1–3.

He then goes on to argue that he did, in fact, comply with this court's orders and the requirements of 28 U.S.C. § 1915(a)(2). *See id*. at 3, 6–7. He draws attention to the uncertified partial trust accounting and other incomplete paperwork that he previously submitted and contends that it should have sufficed because prison staff refused to provide him with a full six-month certified accounting. *See id*. at 4, 7. He also argues that the Clerk of Court should have made efforts to make use of specific envelopes and blank documents that he attempted to submit for use. *See* Mot. at 3–7. However, he does not explain what authority or legal obligation the Clerk of this Court has to comply with his instructions. Put simply, he maintains that the California Department

2

of Corrections requires this court to "obey the[ir] rules, and issue them a Court Order." *Id.* at 5. Plaintiff, however, is mistaken, because the court already issued a valid order directing the release of his financial information. *See* Order (June 17, 2021), ECF No. 3. He does not attest to any of his efforts to present that court order to the appropriate prison official(s), which he could easily place in the appropriate envelope for its submission. Furthermore, he has also since attested multiple times to his ability and intent to pay the $350 filing fee, on behalf of himself and others, upon the release of his funds, *see* Mot. at 5; MPJ at 1–2, which he may so do as this matter was dismissed without prejudice to refiling, and which renders his request to proceed IFP moot.

" 'The decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court.' " *Kareem v. FDIC*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (quoting *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993)). Motions for reconsideration are "disfavored" and "granting . . . such a motion is . . . an unusual measure [.]" *Cornish v. Dudas*, 813 F. Supp. 2d 147, 148 (D.D.C. 2011) (internal quotation marks omitted) (citing *Kittner v. Gates*, 783 F. Supp. 2d 170, 172 (D.D.C. 2011)); *see also Wright v. FBI*, 598 F. Supp. 2d 76, 77 (D.D.C. 2009). Here, plaintiff has failed to identify any justification under Rule 60(b), or under any other interpretation, to vacate the existing judgment of the court in dismissing this matter without prejudice and denying his motion to proceed IFP.

Plaintiff has also submitted an accompanying proposed filing ("Ltr."), ECF No. 15, which is a letter again seeking "rehearing," personally and directly addressed as correspondence to the Chief Judge of this court. First, at a minimum, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a). Second, "[e]xcept when requested by a judge,

3

correspondence shall not be directed by the parties or their attorneys to a judge, nor shall papers be left with or mailed to a judge for filing." LCvR 5.1(a). "A document that does not conform to the requirements" of the foregoing rules "shall not be accepted for filing." D.C. LCvR 5.1(g). Plaintiff's proposed filing bears no title and no Rule 7(a) designation, and also fails to include any of the defendants' names or the court's name. *See* Ltr. at 1. Therefore, this filing will be stricken. To the extent that the proposed filing sought to alternatively note an appeal, *see id*., any such request is duplicative and moot, because as discussed, a notice of appeal, ECF No. 12, was already docketed in this matter on October 10, 2021.

Accordingly, plaintiff's motion for reconsideration, ECF No. 14, is **DENIED**, and it is further

**ORDERED** that plaintiff's proposed filing, ECF No. 15, is **STRICKEN** as nonconforming.

This is a final appealable order. *See* Fed. R. App. P. 4(a).

**SO ORDERED**.


DATE: November 2, 2021                                  _____s/s_____
                                                                             COLLEEN KOLLAR-KOTELLY
                                                                             United States District Judge